UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VERNON L. HAFFNER,<br><br>               Petitioner,<br><br>     v.<br><br>PAT GLEBE,<br><br>               Respondent. | Case No. C09-5364FDB-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for December 4, 2009 |

Petitioner is a state prisoner currently incarcerated at the Stafford Creek Corrections Center, located in Aberdeen, Washington. This matter is before the Court on petitioner's petition for writ of *habeas corpus* filed with this Court pursuant to 28 U.S.C. § 2254. After a careful review of the record, the undersigned submits the following report and recommendation, recommending the Court deny the petition as unexhausted.

## DISCUSSION

On June 17, 2009, petitioner filed an application to proceed *in forma pauperis* and a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (Dkt. #1). Exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of *habeas corpus*. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent. 28 U.S.C. § 2254(b)(3). Thus, a waiver of exhaustion may not be implied or inferred. A petition can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083,

1086 (9th Cir. 1985). Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. Kenney v. Tamayo-Reyes, 504 U.S. 1, 8 (1992).

It is not enough that all of the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state law claim was made. Duncan v. Henry, 513 U.S. 364, 366 (1995) (citing Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982)). A federal claim is "fairly and fully" presented to the state courts if the claim is presented "(1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." Insyxiengmay v. Morgan, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted). The petitioner "must alert the state courts to the fact that he is asserting a federal claim in order to fairly and fully present the legal basis of the claim." Id.

The claim must be fairly presented in "each appropriate state court," that is, at each level of state review, so as to alert the state "to the federal nature of the claim," and to give it the "opportunity to pass upon and correct" alleged violations of the petitioner's federal rights. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations and internal quotation marks omitted); see also Ortberg v. Moody, 961 F.2d 135, 138 (9th Cir. 1992). The federal basis of the claim, furthermore, must be made "explicit" in the state appeal or petition, "either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law." Insyxiengmay, 403 F.3d at 668; Baldwin, 541 U.S. at 33.

In his petition, petitioner raises the following grounds for federal *habeas corpus* relief:

GROUND ONE: Ineffective Assistance of Counsel . . . Counsel Did not use witness during trial that gave confession to him which was recorded and a [sic] statement given by Shawn Wills.

GROUND TWO: Violation of Due Process – No Signed Confession or Waiver of Miranda Rights . . . During Interrogation I requested an Attorney to be present several times Interrogation Officer Sample [and] Conroy ignored my request and continued to interrogate me and collaborated in a "false" confession. Not once was I told to sign anything or to waive my rights.

GROUND THREE: Challenge of Credibility of Witness . . . Mr. Jones's testimony was not consistent with police report, pg. 289 and could not Identify Perp. Det. Samples [and] Conroy used their memories to rely on statements that were neither recorded or written down.

(Dkt. #5, pp. 6, 8-9).[1]  Respondent argues petitioner failed to fairly and fully present the above grounds for federal *habeas corpus* relief to the state's courts.  The undersigned agrees.

On June 13, 2006, petitioner was convicted by jury verdict of first degree burglary and first degree attempted robbery in the Clark County Superior Court. (Dkt. #11, Submission of Relevant State Court Record, Exhibit 1).  On direct appeal to the Washington State Court of Appeals, Division II, petitioner's appellate counsel raised the following claims:

1. THE DUE PROCESS CLAUSE OF THE WASHINGTON CONSTITUTION REQUIRES ELECTRONIC RECORDING OF CUSTODIAL INTERROGATIONS.

2. FAILING TO FIND THAT ELECTRONIC RECORDING OF CUSTODIAL INTERROGATIONS IS REQUIRED AS A MATTER OF DUE PROCESS, THIS COURT SHOULD NONETHELESS EXERCISE ITS SUPERVISORY AUTHORITY TO FASHION AN EXLUSIONARY REMEDY.

3. THE COURT EXCEEDED ITS AUTHORITY IN IMPOSING A SENTENCE BEYOND THE STATUTORY MAXIMUM TERM.

(Id., Exhibit 2, pp. i-ii, 1, 10-29).  None of the above three claims, however, present the same issues as the grounds petitioner raises in his petition for federal *habeas corpus* relief.  The same is true with respect to the claim petitioner presented in his Statement of Additional Grounds for Relief he filed *pro se* with the state court of appeals: "Was the defendants [sic] trial attorney ineffective by not moving for certain jury instructions or chalenging [sic], the prosecutions line up identification, when the witness was not able to positively identify the defendant." (Id., Exhibit 3, p. 2).

In the petition for review petitioner's appellate counsel filed with the Washington State Supreme Court, the following claims also were presented:

1. WHETHER DUE PROCESS REQUIRES THE ELECTRONIC RECORDING OF CUSTODIAL INTERROGATIONS IS A SIGNIFICANT QUESTION OF CONSTITUTIONAL LAW.

2. WHETHER AN EXCLUSIONARY REMEDY IS NEEDED IS AN ISSUE OF SUBSTANTIAL PUBLIC INTEREST WHICH SHOULD BE REVIEWED BY THIS COURT.

(Id., Exhibit 6, pp. i-ii, 5-20).  These claims are substantially the same as those presented on direct appeal

---

[1] These page numbers are the page numbers that appear on the pages of the federal *habeas corpus* petition form petitioner used containing these grounds for relief. However, because the petition form begins on page 2, those pages are actually the fifth, seventh and eighth pages of the petition. For the sake of clarity and consistency, though, the undersigned shall use the page numbers that appear on the form itself.

1 | to the Washington State Court of Appeals. In addition, no federal claims were raised here.

2 | Petitioner did file a *pro se* personal restraint petition with the Washington State Court of Appeals, Division II, in which he argued his <u>appellate</u> counsel "was ineffective for neglecting and failing to raise an issue with merit," which prejudiced him on direct appeal. (<u>Id.</u>, Exhibit 8, p. 1). However, as pointed out by respondent, the only ineffective assistance of counsel claim petitioner has raised in his federal *habeas corpus* petition, concerns his trial counsel. Accordingly, the undersigned finds none of the claims raised in that petition have been fairly and fully exhausted in the state courts. Petitioner's petition thus is barred, unless he can establish those claims are not now procedurally defaulted.

"The procedural default doctrine 'bar[s] federal habeas [corpus review] when a state court [has] declined to address a prisoner's federal claims because the prisoner . . . failed to meet a state procedural requirement.'" <u>Boyd v. Thompson</u>, 147 F.3d 1124, 1126 (9th Cir. 1998) (quoting <u>Calderon v. United States District Court</u>, 96 F.3d 1126, 1129 (9th Cir.1996) (quoting <u>Coleman v. Thompson</u>, 501 U.S. 722, 729-30 (1991))). Thus, for example, a district court may not consider the merits of a *habeas corpus* petition if the petitioner failed to exhaust state court remedies, and the state's highest court now would find the federal claims contained therein to be procedurally barred. <u>Coleman</u>, 501 U.S. at 735 n.1; see also <u>Eisermann v. Penarosa</u>, 33 F.Supp.2d 1269, 1274 (D. Haw. 1999) ("[I]f a petitioner has never raised his federal claim to the highest state court available and is now barred from doing so by a state procedural rule, exhaustion is satisfied because no state remedy remains available, but the petitioner has procedurally defaulted on his claim.").

To give litigants "a fair opportunity to comply with known procedural rules, the controlling state procedural bar is the one in place at the time the claim should have been raised." <u>Calderon v. U.S. District Court for the Eastern District of California</u>, 103 F.3d 72, 75 (9th Cir. 1996). Thus, "[o]nly if the bar is 'firmly established and regularly followed' at that time will it serve as an adequate ground to foreclose federal review." <u>Id.</u> Since 1989, Washington has had a one-year period of limitation within which a conviction or sentence may be collaterally attacked:

> No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.

RCW 10.73.090(1). Although Washington state law also provides six statutory exceptions to the above

time limit, none of those exceptions apply in this case. See RCW 10.73.100.

In Washington, "a judgment becomes final on the last of the following dates: (a) The date it is filed with the clerk of the trial court; (b) The date that an appellate court issues its mandate disposing of a timely direct appeal from the conviction; or (c) The date that the United States Supreme Court denies a timely petition for certiorari to review a decision affirming the conviction on appeal." RCW 10.73.090(3). The term "mandate" is defined as "the written notification by the clerk of the appellate court to the trial court and to the parties of an appellate court decision terminating review." Washington Rule of Appellate Procedure ("RAP") 12.5(a). As noted above, the Washington State Supreme Court denied the petition for review of the denial of petitioner's direct appeal on April 30, 2008. There is no indication that petitioner sought review by the United States Supreme Court.

That leaves either the date petitioner's judgment was filed with the clerk of the trial court, or the date the Washington State Court of Appeals issued its mandate. Clearly, the latter date would apply here, as petitioner appealed his conviction and sentence. While the record before the Court does not contain a copy of the mandate in this case, Washington law requires that "[i]f a petition for review has been timely filed and denied by the [Washington State] Supreme Court, the clerk of the Washington State Court of Appeals shall issue the mandate "upon denial of the petition for review." RAP 12.5(b)(3). As such, the date the Washington State Court of Appeals issued its mandate – and thus the date petitioner's judgment became final – is deemed to be April 30, 2008. More than one year has passed since petitioner's judgment became final, therefore, resulting the procedural default of his federal claims.

Only if petitioner "can demonstrate cause for the [procedural] default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice," will he be entitled to *habeas corpus* review of those claims. See Boyd v. Thompson, 147 F.3d 1124, 1126 (9th Cir. 1998) (citing Coleman, 501 U.S. at 750). To satisfy the "cause" prong, petitioner must show "some objective factor external to the defense" prevented him from complying with the state's procedural rule. McCleskey v. Zant, 499 U.S. 467, 493 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). Objective factors constituting "cause" include "interference by officials" making compliance with the rule impracticable, as well as "a showing that the factual or legal basis" for the claims "was not reasonably available." Id. at 493-94 (internal quotes

REPORT AND RECOMMENDATION
Page - 5

omitted). In addition, constitutionally ineffective assistance of counsel also constitutes cause, but any attorney error short of that will not excuse procedural default. Id. at 494.

The mere fact that a petitioner is *pro se* or lacks knowledge of the law, furthermore, is insufficient to satisfy the cause prong. That is, "[w]hen a pro se petitioner is able to apply for post-conviction relief to a state court, the petitioner must be held accountable for failure to timely pursue his remedy to the state supreme court." Hughes v. Idaho State Board Of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (finding petitioner's claims of illiteracy and lack of help in appealing post-conviction petition, though unfortunate, to be insufficient to meet cause standard); Boyd, 147 F.3d at 1126-27.

Once a petitioner establishes cause, he must show "'actual prejudice' resulting from the errors of which he complains." Allen v. Ornoski, 435 F.3d 946, 956 (9th Cir. 2006) (quoting McCleskey, 499 U.S. at 494 (quoting United States v. Frady, 456 U.S. 152, 168 (1982))). Such prejudice exists if the alleged errors worked to the petitioner's "*actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Frady, 456 U.S. at 170 (emphasis in original). In the alternative, a *habeas corpus* petition may be granted without a showing of cause in those "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." McCleskey, 499 U.S. at 494; Murray, 477 U.S. at 495-96 (in extraordinary case, where constitutional violation has probably resulted in conviction of one who is actually innocent, federal *habeas* court may grant petition even in absence of showing of cause).

Here, petitioner makes no showing that some objective factor external to his defense prevented him from complying with Washington's procedural bar rule. Because petitioner "cannot establish any reason, external to him, to excuse his procedural default," this court need not address the issue of actual prejudice. Boyd, 147 F.3d at 1127; Thomas v. Lewis, 945 F.2d 1119, 1123 n.10 (9th Cir. 1991) (finding of lack of cause eliminates court's need to discuss whether petitioner was prejudiced). Further, as petitioner is not alleging he is actually innocent, this is not the kind of extraordinary instance where the petition should be granted despite the absence of a showing of cause. McCleskey, 499 U.S. at 494; Murray, 477 U.S. at 495-96.

## CONCLUSION

Because it appears that petitioner has failed to exhaust all of his state court remedies, the Court

should deny the petition.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **December 4, 2009**, as noted in the caption.

DATED this 12th day of November, 2009.

Karen L. Strombom
United States Magistrate Judge